980 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Robert Earl JOYNER, Defendant-Appellant.
 No. 92-5057.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 30, 1992
Decided: December 2, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-91-159-G)
 Robert L. McClellan, Kevin W. Whiteheart, Ivey, Ivey, McClellan & Gatton, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Earl Joyner appeals from his jury convictions of stealing merchandise which was moving in interstate commerce (18 U.S.C. § 659 (1988)), knowingly transporting a stolen truck in interstate commerce (18 U.S.C. § 2312 (1988)), and knowingly transporting stolen property in interstate commerce (18 U.S.C.A.s 2314 (West Supp. 1992)). Because we find the evidence sufficient to support his convictions and because we find that the court did not err in admitting evidence of Joyner's place of employment, we affirm his convictions.
 
 
 2
 * Merit Distribution Services ("Merit") was a cigarette hauler for P. Lorillard Tobacco Company ("Lorillard"). On August 12, 1991, Robert Adams ("Adams"), a Merit driver, picked up a load of cigarettes from Lorillard in Greensboro, North Carolina. Merit was to transport that load of cigarettes from Greensboro to Chicago. The cigarettes were loaded into a Merit trailer and transported to a yard at Integral Truck Leasing in Greensboro. Adams unhitched the trailer containing the cigarettes; another driver was to transport the load from there to Chicago.
 
 
 3
 As Adams left the Integral yard after dropping off the unit, he saw Newell, another Merit driver, entering the yard. He also noticed that Newell's car was followed by a white car. Adams thought that Newell might be the driver of the truck containing the cigarettes, and pointed out the trailer containing the load. While Adams and Newell were talking, the driver of the white car came over and introduced himself as "Robert." He stated that he was a former Merit driver, and asked about getting his job back. Adams described Robert as a heavy-set black male. Adams last saw the truck at about 5:00 that afternoon; the tractor unit was not connected, but was parked in front of the trailer with the keys.
 
 
 4
 Later that evening, Tim Mickle ("Mickle"), a mechanic for Integral, encountered a black male whom he later identified as Robert Joyner. Joyner entered the shop and asked to use the phone; after making his call, the two talked for about twenty minutes. Joyner told Mickle that he was a Merit driver who was going to drive the truck containing the cigarettes. Mickle then watched Joyner walk to a car, then to the tractor. Joyner hooked up the truck and tractor and drove the truck away. Mickle chose Joyner from a photo spread and a line up as the man who drove the truck out of the Integral yard. He also identified Joyner in court as the man who took the truck and cargo. Authorities recovered the tractor, trailer, and cigarettes in Virginia Beach, about one quarter mile from the business where Joyner worked as a driver. Police found no usable fingerprints on the vehicle.
 
 
 5
 At trial following the government's case and at the close of all evidence, Joyner moved for a judgment of acquittal on counts two and three of his indictment, transporting a stolen vehicle in interstate commerce and transporting stolen goods in interstate commerce. Fed. R. Crim. P. 29. The court first took the motions under advisement, and then submitted the case to the jury after instructions. After the jury convicted him of all charges, the court denied Joyner's motions and sentenced him to twenty-seven months' imprisonment.
 
 II
 
 6
 Joyner asserts that the trial court erred when it denied his motions for acquittal. Joyner urges that the evidence was insufficient to convict him on the second and third counts of his indictment because there was no evidence that he possessed or transported a stolen vehicle or stolen goods in interstate commerce.
 
 
 7
 In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). A verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). This Court must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established.
 
 
 8
 Tresvant, 677 F.2d at 1021. This Court does not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (citing United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983), cert. denied, 465 U.S. 1028 (1984)). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989).
 
 
 9
 In order to establish transportation of a stolen vehicle in interstate commerce under § 2312, the government must prove that (1) there was a stolen vehicle; (2) the defendant knew that the vehicle was stolen; and (3) the defendant transported the vehicle in interstate commerce. United States v. Spoone, 741 F.2d 680, 686 (4th Cir. 1984), cert. denied, 469 U.S. 1162 (1985).* Unexplained possession of stolen property shortly after the theft is sufficient to justify a finding that the possessor knew the property was stolen and that he was the thief. Battaglia v. United States, 205 F.2d 824, 826 (4th Cir. 1953).
 
 
 10
 Joyner argues that there was no evidence that he was"in possession" of the stolen items. He contends that the only evidence in regard to possession was that one witness observed him driving the car out of the lot followed by a person in a car. The tractor trailer and the cigarette cargo were later found in Virginia Beach close to where Joyner worked. No fingerprints were recovered from the truck or the cigarettes. Joyner contends that it is possible that the person following in the car drove the stolen property into Virginia.
 
 
 11
 In Barfield v. United States, 229 F.2d 936 (5th Cir. 1956), the defendant was the driver of a vehicle that was stolen in New Orleans and involved in a collision in Alabama. The only evidence presented at trial was that the defendant drove the car in Alabama; there was no evidence that he drove the vehicle across state lines. The court commented:
 
 
 12
 The fact that the record ... is not categorical that defendant drove the car across the state line is not decisive. We think the offense does not necessarily require the actual, physical driving across a state line by the accused. The offense is interstate transportation and, assuming the presence of the requisite knowledge and guilty purpose, any driving, whether wholly within the state of origin, state of destination, or from and to, if done as a substantial step in the furtherance of the intended interstate journey is, we think, within the act.
 
 
 13
 Id. at 939. It is immaterial that offense conduct was confined to a single state. See Corey v. United States, 305 F.2d 232, 237 (9th Cir. 1962), cert. denied, 371 U.S. 956 (1963).
 
 
 14
 Evidence presented at trial established that the tractor, trailer, and the cigarettes were in interstate commerce when a witness observed Joyner drive the truck off the lot in Greensboro without permission. There is no evidence that anyone other than Joyner drove the vehicle. See Cunningham v. United States, 272 F.2d 791 (4th Cir. 1959). Evidence also disclosed that the stolen items were recovered two days later close to Joyner's place of employment in Virginia Beach. Construing this evidence in the light most favorable to the government, it is sufficient to support the jury verdicts.
 
 
 15
 Joyner next asserts that the trial court erred when it admitted evidence of his place of employment. An FBI investigator testified that the truck was recovered "approximately a quarter mile" from the business where Joyner worked as a driver. The FBI agent testified that he discovered where Joyner worked in the course of his investigation and then observed him at the business. He stated that Joyner was a truck driver and the business was about one quarter mile away from where they recovered the stolen truck and cigarettes.
 
 
 16
 The trial court has broad discretion in ruling on questions of relevancy and in balancing the probative value of relevant evidence against any undue prejudice. United States v. Zandi, 769 F.2d 229, 237 (4th Cir. 1985). We think it is clear that this evidence was properly admitted-it tended to show that Joyner drove the truck. Of course, the jury was free to give this evidence whatever weight it chose. However, the disputed evidence was relevant and had sufficient probative value to justify its submission to the jury. Therefore, the court did not abuse its discretion in admitting this evidence.
 
 
 17
 Since we find that the district court did not err in admitting evidence of Joyner's place of employment and since we find the evidence sufficient to support the jury verdicts, we affirm Joyner's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Count three of the indictment charges Joyner with transportation of stolen goods under § 2314, which has the additional element that the property must be valued at $5000 or more. Joyner does not dispute value in this appeal